**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4419**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERARDO RUIZ-GUTIERREZ,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-03-272)

---

Submitted:  December 15, 2004        Decided:  January 6, 2005

---

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Karen B. George, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gerardo Ruiz-Gutierrez pled guilty to one count of unlawful reentry into the United States after removal in violation of 8 U.S.C. § 1326(a) (2000). He reserved the right to challenge the district court's denial of his motion to dismiss the indictment based on his collateral attack of the underlying order of removal, pursuant to 8 U.S.C. § 1326(d) (2000). In addition, Ruiz-Gutierrez seeks to challenge the one-year term of supervised release imposed on him at sentencing.

In the context of a prosecution for illegal reentry after removal, a defendant may collaterally attack the underlying removal order by showing: (1) he has exhausted his administrative remedies to challenge that order; (2) the removal proceedings improperly deprived him of an opportunity for judicial review; and (3) entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d); United States v. Mendoza-Lopez, 481 U.S. 828 (1987). All three of these conditions must be satisfied in order for such an attack to succeed. United States v. Wilson, 316 F.3d 506, 609 (4th Cir.), cert. denied, 538 U.S. 1025 (2003). This court conducts a de novo review of the district court's denial of a motion to dismiss the indictment. United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002). We hold that the district court was correct in denying the motion to dismiss, as Ruiz-Gutierrez fails to show that the removal order was obtained under conditions that were fundamentally unfair.

- 2 -

Ruiz-Gutierrez's argument to the contrary is patently frivolous. In view of this holding, we need not address the argument that his counsel's ineffective assistance deprived Ruiz-Gutierrez of the opportunity for judicial review of the removal order.

Ruiz-Gutierrez also asserts that the one-year term of supervised release, imposed on him by the district court to follow the six-month sentence of imprisonment, is invalid because the Supreme Court's rationale in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), will invalidate the Sentencing Reform Act, 18 U.S.C.A. §§ 3551 et seq. (West 2000 & Supp. 2004). In our ruling in <u>United States v. Hammoud</u>, 381 F.3d 316 (4th Cir. 2004), <u>petition for cert. filed</u>, 73 U.S.L.W. 3121 (U.S. Aug. 6, 2004) (No. 04-193), we held that <u>Blakely</u> "does not affect the operation of the federal sentencing guidelines." Therefore, we reject Ruiz-Gutierrez's challenge to his sentence.

We affirm Ruiz-Gutierrez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>